KR 1093



# The Kroger Co.

## Training on Sexual Harassment &
## Other Forms of Harassment

EXHIBIT

18

KR 1094

# Learning Objectives

Upon completion of this training, you will understand the following:

-The definition of sexual harassment

-Other types of harassment

-The harassment-free workplace

-The reporting and investigation procedure for sexual harassment and other forms of harassment

-The damages/penalties for sexual harassment

KR 1095

# Title VII of the Civil Rights Act of 1964

- Title VII of this Act prohibits discrimination against applicants and employees in regard to compensation, terms, conditions or privileges of employment on the basis of race, color, religion, sex or national origin.

# Sexual Harassment Under Title VII (cont)

- Sexual Harassment is a violation of Title VII because it is unlawful sex discrimination

KR 1096

# Sexual Harassment

- Who can commit sexual harassment?
  - -Supervisors
  - -Subordinates
  - -Co-workers
  - -Clients/customers

- Who can experience sexual harassment?
  - -Direct targets of the harassment
  - -Bystanders who are subjected to verbal or physical conduct of a sexual nature directed at others that is unwelcome to the bystander

KR 1097

# Examples of Sexual Harassment

Example of sexual harassment include but are not limited to, the following:

-Conditioning promotion, demotion, performance evaluations, and the like upon submission to sexual favors.

-Touching that is unwanted, uninvited, or offensive.

-Displaying sexually suggestive or explicit material, pictures, or cartoons.

-Relating sexually suggestive or explicit stories or "jokes."

-Making sexually suggestive or explicit gestures.

KR 1098

# 2 Types of Sexual Harassment

- Quid Pro Quo ("something for something")
  -Conduct that conditions advancement or benefits on response to sexual advances from supervisor
  -Strict Liability for employer where harasser is supervisor or manager if victim has experienced a tangible detriment to working conditions

- Hostile Work Environment
  -Unwelcome gender-based conduct that creates an intimidating, hostile, or offensive working environment

KR 1099

# Factors in a Hostile Work Environment

- Frequency or pervasiveness
- Severity
- Whether conduct Unreasonably Interferes with Work performance
- Unwelcomeness

KR 1100

KR 1101

# Hostile Work Environment

- Non-verbal
  - Giving neck massages
  - Giving personal gifts
  - Hanging around a person
  - Hugging, kissing, patting or stroking
  - Elevator eyes (up and down)
  - Staring, winking, licking lips, smacking lips
  - Leaning over, cornering, pinching

- Verbal
  - Sexual comments about appearance
  - Inquiries about one's sex life
  - Unwanted letters, telephone calls or materials of a sexual nature
  - Calling an employee "girl, hunk, doll, babe, or honey"
  - Whistling, cat calls
  - Sexual innuendos, stories, or jokes

# How Courts View Harassment

- Conduct is viewed from the perspective of a "reasonable person"

- The subjective intent of the harasser is irrelevant; "Just kidding," "People just talk like that" or "I didn't intend to offend" are not defenses

- There is a two-part test:
  - Subjective: Was the victim offended by the conduct?
  - Objective: Would a reasonable person be offended by the conduct?

KR 1102

# Who Can Make a Claim?

Claims May Be Brought by....

-Any Employee

  -Female vs. Male

  -Male vs. Female

  -Female vs. Female

  -Male vs. Male

-An employee can bring a claim based on the conduct of a vendor or customer

-Harassment claims are NOT limited to conduct that occurs at the work site or during work hours

KR 1103

# Harasser's Liability Includes

- Discipline up to and including discharge
- Personal financial liability for personal injury-type damages caused to the victim (assault, battery, infliction of emotional or mental distress)

KR 1104

# Questions to Determine if YOUR Behavior is Unwanted

- Has the person stated or indicated in any way that my behavior is unwelcome?

- Would I want any of my behaviors to be the subject of a column in the employee newsletter or appear on the evening news?

- Is there equal power between me and the person with whom I am interacting?

- Would I behave the same way if the person I'm in a relationship with were standing next to me?

- Would I want someone else to act this way toward a person with whom I'm in a relationship?

- Is there equal initiation and participation between me and the person with whom I am interacting?

KR 1105

# Kroger Policy Concerning Sexual Harassment and Other Forms of Harassment

- Company Philosophy

  - Kroger is committed to a workplace free from unlawful discrimination, which includes sexual harassment and other forms of harassment because of one's race, color, religion, gender, national origin, age, disability, or sexual orientation. Any form of harassment undermines the Company's insistence upon associate integrity and is considered serious misconduct. No associate, either male or female, should be subjected to offensive conduct or innuendo, either verbal or physical, from co-workers, supervisors, customers, or vendors.

  - All associates have a responsibility to maintain the workplace free of harassment and to report such misconduct when it occurs, just as any form of unlawful discrimination should be reported.

KR 1106

# Kroger Policy Concerning Sexual Harassment and Other Forms of Harassment (cont)

- Policy
  -Proven sexual harassment, or harassment because of an individual's race, color, religion, gender, national origin, age, disability, or sexual orientation, will result in discipline up to and including discharge.
  -Sexual harassment is defined as:
  Unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature if (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

KR 1107

# Kroger Policy Concerning Sexual Harassment and Other Forms of Harassment

- Examples of sexual harassment, but are not limited to the following:

  -conditioning promotion, demotion, performance evaluations and the like upon submission to sexual favors;

  -touching that is unwanted, uninvited or offensive

  -displaying sexually suggestive or explicit material, pictures or cartoons;

  -relating sexually suggestive or explicit stories or "jokes," and

  -making sexually suggestive or explicit gestures.

KR 1108

# Kroger Policy Concerning Sexual Harassment and Other Form of Harassment (cont)

- Harassment because of one's race, color, religion, gender, national origin, age, disability or sexual orientation is defined as:

  Verbal or physical conduct that

  -denigrates or shows hostility or aversion toward an individual because of his/her race, color, religion, gender, national origin, age, disability or sexual orientation, or that of the individual's relatives, friends or associates, and

  -has the purpose or effect of creating an offensive work environment, unreasonably interferes with an individual's work performance, or otherwise adversely affects an individual's work performance.

KR 1109

Kroger Policy Concerning Sexual Harassment and Other Forms of Harassment (cont)

- Examples of such harassment include, but are not limited to, the following:
  -making derogatory ethnic or racial statements, or belittling one's religion or religious practices;
  -perpetuating stereotypes about one's age, gender, etc. ("You're too old to change your ways", "This is women's work")
  -refusing to assist an employee or customer because of his/her race, gender, etc.; and
  -disparaging the sexual orientation of an employee, his/her associates, or a customer.

KR 1110

# Reporting and Investigation Procedure for Sexual Harassment and Other Forms of Harassment

- If you believe that you are being sexually harassed by a co-worker, supervisor, customer, or vendor, or if you believe you are being harassed by a co-worker, supervisor, customer, or vendor because of your race, color, religion, gender, national origin, age, disability, or sexual orientation, you should take these steps:

- Firmly and clearly tell the person who is harassing you that his or her behavior is unwelcome and should stop at once. If possible, take a witness to this discussion. Write a statement about the incident and what you did to stop it, including dates, times and places. This statement will be helpful if the harassment continues and the company needs to investigate. If you are uncomfortable with telling the person who is harassing you to stop, then proceed to the reporting procedure below.

- Report the incident to your immediate supervisor, another member of management, and the Human Resources Manager at (901) 765-4253, or call the Kroger Helpline at 1-800-689-4609 or email your concerns to (helpline@kroger.com). Your report should be as specific as possible, including the name of the person who is harassing you, a description of the conduct and the effect that conduct is having on your working conditions and work performance, and the names of any witnesses who could assist in the investigation.

KR 1111

Reporting and Investigation Procedure for Sexual Harassment and Other Forms of Harassment

- All claims of harassment will be investigated promptly and will be handled professionally and as confidentially as circumstances permit. Your further participation in the investigation may be necessary, and you will be informed of the outcome. The company will not tolerate reprisals or retaliation against persons reporting alleged harassment or anyone participating in the investigation of the alleged harassment.

KR 1112

KR 1113

# The Kroger Co.

*Policy is only as good as it is being administered*

# Employer Responsibility

- It's usually not what the employer does, i.e., condone unauthorized conduct that occurs in connection with employment.

- It's usually what the employer doesn't do, i.e., fail to investigate it or take it seriously.

KR 1114

# Typical Employer Mistakes

- Failure to recognize complaints

- Failure to take it seriously

- Failure to investigate

- Promising unqualified confidentiality

- Failure to follow up

- Failure to document

KR 1115

# The Employer is guilty of sexual harassment under company policy if...

- A Supervisor or Manager
  -Knew of an incident of harassment or received a report of a claim of harassment and, failed to take action as designated under company policy

NOTE: The EEOC and many courts consider store bargaining unit Department Heads to be supervisors or managers (head cashier, Grocery clerk, meat cutter, & etc).

KR 1116

# Management Responsibilities

- Report the incident of harassment to any of the individuals mentioned in the Sexual Harassment Policy, which you just received

- Take the necessary steps to stop and prevent harassment

- Maintain Confidentiality to the extent possible
  -It is very important for you to remember that you can not fail to investigate because someone reports to you in confidence, "but doesn't want you to do anything".

- Investigate and Act

- Close the loop

KR 1117

# Investigate and Act

- Conduct investigation
- Have standard procedures
- Take appropriate action
- **Document** the entire investigation
- Inform person reporting incident of action taken
- Follow-up with the victim

KR 1118

# Examples of Employee Complaints

- Complaining of foul language
- Reference to dirty jokes
- Mentioning posters, pictures, calendars
- Unspecified "problems" with co-workers
- Mentioning requests for dates
- References to being touched
- Mentioning offensive e-mail, phone messages or notes, Facebook, Twitter, etc.…
- Visiting offensive websites

KR 1119

# Common Problems in Investigations

- Victim doesn't want to provide names
- Victim doesn't want any action taken
- Alleged harasser is basically a nice person or "star" employee who "really didn't mean anything"
- Complaining party is "overly sensitive"
- Complaining party "invited behavior," begins as welcome but gets out of hand
- Gossip between co-workers makes it difficult to keep investigation confidential
- Co-workers do not want to "tattle" on friends
- Don't want to ruin a career

KR 1120

# Confidentiality

- When an employee makes an allegation of harassment to you:
  - Never promise confidentiality
  - State that you will make your best efforts to keep things confidential
  - Always investigate the allegations
  - Always document the investigation

KR 1121

KR 1122

# Closing the Loop

- Inform the victim of corrective action

- Inquire in 30 or 60 days

  -Of victim

  -Of accused

- **<u>Documentation!!</u>**

# Same Sex Harassment Examples

*JOSEPH ONCALE, PETITIONER v. SUNDOWNER OFFSHORE SERVICES, INCORPORATED, et al.*

In this private sector case, the U.S. Supreme Court held that sexual harassment by persons of one sex against persons of the same sex is actionable under Title VII. Plaintiff, who was employed as one of an eight-man crew on an offshore oilrig, claimed that he was forcibly subjected to sex-related, humiliating actions against him by certain co-workers.

The Plaintiff complaints to supervisory personnel produced no remedial action; in fact, the company's Safety Compliance Clerk, told the Plaintiff that eight-man crew "picked [on] him all the time too," and called him a name suggesting homosexuality. *The Plaintiff* eventually quit-asking that his pink slip reflect that "voluntarily left due to sexual harassment and verbal abuse." When asked at his deposition why he left the company, The Plaintiff stated, "I felt that if I didn't leave my job, that I would be raped or forced to have sex."

The Supreme Court held that nothing in Title VII necessarily bars a sex discrimination claim merely because the plaintiff and the defendant are of the same sex. The Supreme Court rejected an argument that coverage of same-sex harassment would turn Title VII into a "general civility code" for the workplace. A plaintiff still must prove that the conduct at issue was discrimination because of sex, stated the Court. In addition, the Court noted that Title VII does not reach ordinary socializing, but rather forbids only behavior "so objectively offensive as to alter the conditions' of the victim's employment."

KR 1123

# Same Sex Harassment Examples

**TEXAS CAR DEALERSHIP (Ron Clark Ford, Inc.) TO PAY $140,000 TO SETTLE SAME-SEX HARASSMENT SUIT BY EEOC**

DALLAS- The U.S. Equal Employment Opportunity Commission (EEOC) today announced that Ron Clark Ford, Inc. has agreed to pay six former male employees to settle a same-sex harassment lawsuit under Title VII of the Civil Rights Act of 1964.

The EEOC's lawsuit (Civil Action No. 2-01CV-0245-C) was based on charges of discrimination filed by three of the men with the federal Agency's Dallas District Office. The men said they and others were subjected to a sexually hostile work environment and different treatment, because of their gender by male managers – which resulted in their constructive discharge.

Evidence gathered during the Commission's investigation showed that the men were subjected to lewd, inappropriate comments of a sexual nature and had their genitals and buttocks grabbed against their will by males managers. The dealership argued that the sexual conduct was "harmless horseplay" – a position that was contradicted by the evidence uncovered in the EEOC's investigation. The Commission filed suit after finding that discrimination took place and exhausting its conciliation efforts to reach a voluntary pre-litigation settlement.

"An employer should never assume that it can hide behind a gender-based double standard "horseplay defense," said Robert A. Canino, Regional Attorney of the Dallas District Office of the EEOC. "To do so is to trivialize what can be offensive and degrading conduct toward employees who don't find it amusing. The law doesn't provide a safe harbor when men sexually grope other men instead of women. Moreover, there is no free pass for employers who fail to prevent or correct such offenses on the stereotypical premise that "boys will be boys'."

KR 1124