IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBORAH AKRIDGE                                                       PLAINTIFF

v.                           Case No. 14-6030

KROGER LIMITED PARTNERSHIP I                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deborah Akridge, an employee of Defendant Kroger Limited Partnership I, brought this action[1] alleging that Defendant demoted her on the basis of her age and sex, and in retaliation for her complaints of discrimination. Now before the Court are Defendant's motion for summary judgment and supporting documents (Docs. 17-19), Plaintiff's response in opposition and supporting documents (Docs. 22-23), and Defendant's reply (Doc. 25). For the reasons set forth below, Defendant's motion is **GRANTED**.

**I.   Background**

To the extent that Plaintiff, in responding to Defendant's statement of facts, has relied on pure speculation or mere denials or allegations without a proper basis in fact or clear citation to facts already in the record, the Court will view such facts as essentially undisputed. *See* Fed. R. Civ. P.

---

[1] Plaintiff filed her complaint in Garland County Circuit Court on February 11, 2014, and Defendant removed the action to this Court on March 7, 2014.

56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). To the extent they are relevant, those facts not specifically controverted by Plaintiff will be deemed to have been admitted pursuant to Local Rule 56.1.  Where Plaintiff has provided some basis in fact or in the record, however, the Court has made all inferences in her favor, as is appropriate when making a summary judgment determination. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998).

Defendant is an Ohio limited partnership that operates Kroger grocery stores throughout the United States.  Each store is assigned one store manager who is responsible for the store's operations and policy compliance and who reports directly to a district manager.[2]  In addition to the store manager, stores are assigned one or more co-managers who report to the store manager.  When a store has a co-manager vacancy, an hourly store clerk can be asked to fill in and cover the managerial void in a special position called manager-in-charge ("MIC").

---

[2] Defendant operates through regional marketing divisions that contain multiple districts.  The Kroger stores involved in this case are all within District 6 of the Delta Division.  Store management reports to district management, which in turn reports to division management.

Plaintiff is a 63-year-old woman who began working for Defendant in 1977 as a part-time deli clerk. She became a co-manager in 1995 after completing management training, and was promoted to store manager in 1999.

In 2011, Plaintiff was the Store Manager at Store 621 in Hot Springs, Arkansas. On April 18, 2011, Rufus Wilson, the Human Resources Manager, and Michael Cristal, the District Manager and Plaintiff's direct supervisor at the time, met with Plaintiff to discuss a problem involving the scheduling of management employees in Plaintiff's store.[3] Mr. Cristal sent Plaintiff a follow-up letter dated April 25, 2011 that summarized their instructions to Plaintiff and advised that future instances of such conduct would not be tolerated.

The following year, Mr. Wilson nominated Plaintiff for a national trade publication award, the "*Progressive Grocer* Top Women in Grocery Award," which she won. On her annual performance evaluation in April of 2012, Mr. Cristal indicated that she meets expectations as a supervisor. Then, in June of 2012, Plaintiff received a second letter from Mr. Cristal[4] that revisited the management scheduling problem from 2011. Mr. Cristal noted "consistent reoccurrences of what we agreed would

---

[3] Among other things, Mr. Cristal and Mr. Wilson determined one of the MICs was working excessive overtime. Plaintiff maintains that the amount of overtime was not excessive, but necessary.
[4] Dated June 15, 2012.

stop over a year ago." (Doc. 21-8, p. 1). He further cautioned that the letter "serves as a FINAL WARNING. Future reoccurrences of this nature will not be tolerated and could result in disciplinary action up to and including discharge." *Id.*

In August of 2012, Andrea Tyson took over the District Manager position previously held by Mr. Cristal. Plaintiff wrote Ms. Tyson a letter dated November 26, 2012, with copies to Mr. Wilson and David Brislin, Vice President of Operations for Kroger's Delta Division. In the letter, Plaintiff told Ms. Tyson, "I do see a need to let you know [sic] an opportunity that is hindering the happy and fun workplace you are trying to establish." (Doc. 21-12, p. 1). "Here may be an opportunity to improve communication, which usually is the basis of every problem, but my fear is that it is more." *Id.* She goes on to say that she and some of her store's associates "have been unnecessarily treated disrespectfully and in an overly punitive manner," *id.*, and cites the following representative incidents:

- On one occasion, the District Human Resources Coordinator, Tina McBride, called and questioned one of Plaintiff's co-managers, Mary Washington, about Plaintiff's attendance and work hours. Ms. McBride also offered to arrange for help for Ms. Washington if she were ever left without any help.
- An investigation regarding store associates purchasing marked-down general merchandise had upset the store's chef.
- Plaintiff had been chastised for not scheduling MIC hours by company standards.

Page 4 of 16

Plaintiff concluded by saying that in spite of her competent performance and loyalty, she wasn't "even receiving minimum respect from the process." *Id.* at 2.  The letter does not mention her age or sex, nor does it mention discrimination.

On January 26, 2013, Plaintiff informed Tina McBride, the District 6 Human Resources Coordinator, of a potential sexual harassment incident that had occurred at Store 621 involving Danny Halter, a co-manager, and a female hourly drug/general merchandise clerk.  Ms. McBride expressed concern that Plaintiff did not report the incident to HR and other upper management personnel as soon as she became aware of the situation.[5] Plaintiff conducted her own investigation of the incident by interviewing the clerk and taking written statements from Mr. Halter and another employee who witnessed the incident before reporting it to HR.  After it was reported, Defendant conducted an investigation that involved additional statements and interviews.

On February 7, 2013, Ms. Tyson, Mr. Wilson, and Niki Harvey, the Associate and Labor Relations Manager at that time, met with Plaintiff to follow up on the sexual harassment report. At the meeting, Mr. Wilson advised Plaintiff that Store 621

---

[5]  The date of the incident is unknown, but Defendant's investigation concluded that it occurred during the first part of January.  (Doc. 21-23).  Plaintiff believes she heard about the incident early in the week of January 20th.  (Doc. 21-19).

needed new leadership and that she would no longer be the store manager, and that she would be transferred to a store outside the Hot Springs area. At the end of the meeting, Plaintiff questioned whether Mr. Halter was being punished as harshly as she was and told the group, "This is clearly pretextual." (Doc. 21-25).

On February 11, 2013, Plaintiff met with Ms. Tyson at the district office in Little Rock. Ms. Tyson gave Plaintiff a letter stating that based on her failure to respond appropriately to a report of potential sexual harassment and the previous incidents of poor management decisions, she was being relieved of her position as store manager of Store 621. Plaintiff was given the option of reassignment as a co-manager at a store in Little Rock or resigning with three months' severance pay. Plaintiff chose reassignment, but requested to be transferred to a store closer to her home in Malvern, Arkansas. Defendant accommodated Plaintiff's request and transferred her to Store 637 in Benton, Arkansas. The store manager position at Store 621 was filled by Bryan Shankle, who was 42 years old at the time.

**II. Standard of Review**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal quotation omitted). Once the movant demonstrates that the record does not disclose a genuine dispute on a material fact, the opposing party may not rest upon the mere allegations or denials in the pleadings, but must provide a response, by affidavits or as otherwise provided in Rule 56, that sets forth specific facts showing that there is a genuine issue for trial. *Ghane v. West*, 148 F.3d 979, 981 (8th Cir. 1998). The Court must view the facts in the light most favorable to the non-moving party "only if there is a genuine dispute as to those facts." *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

**III. Discussion**

    **A. Age and Sex Discrimination**

"In both ADEA and Title VII discrimination cases, the claimant may either offer direct evidence of the discrimination or satisfy the burden-shifting scheme established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013) (citing *Gibson v. Am. Greetings Corp.*, 670

F.3d 844, 855–56 (8th Cir. 2012) (standard for age discrimination cases); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011) (standard for sex discrimination cases)). Plaintiff presents no direct evidence of intentional discrimination. Therefore, to succeed on her discrimination claims, she must create an inference of unlawful discrimination based on circumstantial evidence.

The *McDonnell Douglas* framework requires the plaintiff to first establish a prima facie case of discrimination, at which point the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the allegedly discriminatory action. *Gordon v. Shafer Contr. Co.*, 469 F.3d 1191, 1196 (8th Cir. 2006). If such a reason is established, the burden of production then shifts back to the plaintiff to show that the employer's proffered explanation was merely a pretext for unlawful discrimination. *Id.* The focus of inquiry at the summary judgment stage always remains on the ultimate question of law: whether the evidence is sufficient to create a genuine issue of fact as to whether the employer intentionally discriminated against the employee because of a protected characteristic. *Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1018 (8th Cir. 2005).

To establish a prima facie case of age discrimination with circumstantial evidence, Plaintiff must prove she: (1) was at

least 40 years old; (2) was meeting Defendant's legitimate expectations; (3) suffered an adverse employment action; and (4) was replaced by someone sufficiently younger. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

Defendant argues that Plaintiff was not replaced by a substantially younger employee. The Court disagrees. Defendant filled the store manager position at Store 621 with Bryan Shankle, who was transferred from Store 619. Mr. Shankle was born in 1977, while Plaintiff was born in 1951. The Court finds Plaintiff has established this element of her prima facie case of age discrimination, and Defendant does not challenge any of the other elements.

Assuming that Plaintiff has established a prima facie case of age discrimination, Defendant is still entitled to summary judgment because Plaintiff failed to show that Defendant's legitimate, non-discriminatory reason for Plaintiff's demotion was mere pretext. Defendant's stated reason for demoting Plaintiff was because of poor management judgment. To substantiate this reason, Defendant submitted evidence that the demotion was based on Defendant's belief that Plaintiff did not respond appropriately to a report of potential sexual harassment and previous incidents of poor management decisions. The Court concludes that Defendant has provided a legitimate, non-discriminatory justification for Plaintiff's demotion. *See*

*Floyd v. Mo. Dep't of Soc. Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir. 1999) ("The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the evidence.").

Because Defendant has articulated a legitimate, non-discriminatory reason for Plaintiff's demotion, the burden shifts back to Plaintiff to present evidence that creates (1) a genuine dispute of material fact as to whether Defendant's proffered reason is pretext, and (2) a reasonable inference that age was a determinative factor in the decision to discharge Plaintiff. To establish that Defendant's reason was a pretext for unlawful discrimination, Plaintiff "must pass the rigorous test to show that she and more favorably treated employees were similarly situated in all relevant respects." *Evance v. Trumann Health Servs., LLC*, 719 F.3d 673, 678 (8th Cir.), *cert. denied*, 134 S. Ct. 799 (2013) (quotations omitted).

After reviewing the record, the Court concludes that Plaintiff failed to meet this burden. Plaintiff contends that there is evidence that younger and male employees were treated more leniently when they committed infractions of comparable seriousness. She argues that the best comparator is Mr. Halter, a 48-year-old co-manager who was transferred to a different store after he "initiated inappropriate physical contact" with

Ms. Barker. According to Plaintiff, they are similarly situated because they were both salaried management-level employees who were subject to the same standards regarding professional behavior and reporting harassment.

The Court concludes Mr. Halter is not a valid comparator because he was Plaintiff's subordinate and did not engage in the same conduct as Plaintiff. *See Evance*, 719 F.3d at 678 ("The individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.") (quotation omitted). Unlike Mr. Halter, whose transfer was based on an isolated incident, Plaintiff's conduct involved failing to report an incident that Defendant determined should have been reported, as well as previous incidents of poor judgment. Based on the foregoing, Plaintiff failed to establish that Mr. Halter is similar to her in all relevant aspects. Plaintiff also suggests that various other employees are sufficient comparators. However, none of the employees held the same management status as Plaintiff, nor were they engaged in the same conduct.

Finally, Plaintiff argues that the disputed material facts show that Defendant's stated reason for her demotion is unworthy of credence. The Court disagrees. Although there are disputed facts in this case, they do not support an inference of

discrimination and do not show that Defendant's stated reason is pretext. Among other things, Plaintiff takes issue with whether Defendant was justified in issuing the warning letters on April 25, 2011, and June 15, 2012, and with their conclusion that she failed to timely report the sexual harassment incident. Based on the extensive documentation provided in the record, nothing indicates that the events surrounding the issuance of these letters involved Plaintiff's age or sex aside from Plaintiff's own deposition testimony. Plaintiff testified that she believed the warning letters were issued because of her age and sex, but she did not provide any explanation for her belief aside from one of her managers using a harsh tone of voice. (See Doc. 21-1, pp. 12, 17). Without more, the Court cannot infer that Plaintiff has shown that Defendant's stated reason for her demotion is pretext.

    The same analysis applicable to Plaintiff's age discrimination claim applies to Plaintiff's claim of sex discrimination. Assuming that Plaintiff has established a prima facie case of sex discrimination, Defendant has come forward with a legitimate, non-discriminatory reason for Plaintiff's demotion, as discussed above.

    Plaintiff has failed to produce any evidence to support an inference of sex discrimination. Plaintiff has submitted evidence that shows male employees received disciplinary letters

but were not demoted when they engaged in physical confrontations with customers.  However, nothing indicates that the employees in the examples provided are valid comparators to Plaintiff, as the employees were co-managers and were not engaged in the same conduct as Plaintiff.

Plaintiff has come forward with nothing, other than her own opinion, to indicate that age or sex played a role in the decision to demote her to co-manager.  Speculation, absent any proof, is insufficient to make her case.  *See Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001).  Plaintiff has not provided the Court with sufficient evidence of discrimination to survive summary judgment.

**B. Retaliation**

Defendant contends that Plaintiff has not exhausted the administrative remedies for her retaliation claim.  It is well established that a "plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).  "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." *Dorsey v. Pinnacle*

*Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Where a particular Title VII claim grows out of the discrimination alleged in a plaintiff's EEOC charge, the claim is properly before the court. *Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989).

In her EEOC charge of discrimination, Plaintiff checked the "sex" and "age" boxes to describe the discrimination of which she complained. Plaintiff described the particulars of her charge as follows:

> I was hired on or about June 7, 1977, with my most recent position as that of Co-Manager. On February 7, 2013, I was suspended. On February 11, 2013, I was demoted from my position of Manager to Co-Manager.
>
> I was told that I was being given time off to think. I was told that I was being demoted because of an incident that happened in my store.
>
> I believe I was suspended and demoted because of my age, 61. [sic] in violation of The Age Discrimination in Employment Act of 1967, and because of my sex, female in violation of Title VII of The Civil Rights Act of 1964, as amended.

This description encompasses Plaintiff's claims for age and sex discrimination but not her retaliation claim. Plaintiff failed to allege any facts in the narrative section of her charge that would raise the issue of retaliation, either

directly or by implication. Accordingly, Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

In her response to Defendant's statement of material facts and again in her response brief, Plaintiff moves to conform the pleadings to the evidence to add a claim for retaliation under the Arkansas Civil Rights Act, Ark. Code Ann § 16-123-107.[6] Plaintiff asserts that a motion to amend the pleadings to conform to the evidence can be made at any time, including before trial when opposing summary judgment. However, the case law cited by Plaintiff is inapposite and Federal Rule of Civil Procedure 15 dictates otherwise.

The Court construes Plaintiff's motion as a motion for leave to amend the complaint to add a claim under Federal Rule of Civil Procedure 15(a)(2). Although Plaintiff has not complied with the Local Rules of Court for amending pleadings, she has provided sufficient information regarding the potential claim and there is ample documentation on the record for the Court to determine that leave to amend would be futile. Plaintiff's motion for leave to amend is DENIED.

---

[6] Ark. Code Ann § 16-123-107 does not require Plaintiff to file an EEOC charge before asserting a retaliation claim.

**IV.  Conclusion**

For the reasons set forth above, Defendant's motion for summary judgment (Doc. 17) is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

The jury trial set to begin on June 22, 2015 at 9:00 a.m. is **CANCELLED.**  A separate judgment will be entered in accordance with this order.  The parties are to bear their own fees and costs.

IT IS SO ORDERED this 21st day of May, 2015.

/s/ Robert T. Dawson  
Honorable Robert T. Dawson  
United States District Judge